## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY LOUIS HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-822-MJR |
| | ) |
| BRYAN BLEDSOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, a federal inmate currently confined at the Marion County Law Enforcement Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. For relief, Plaintiff seeks damages. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**BACKGROUND**

Before turning to the allegations of the instant complaint, the Court finds it useful to recount the following background information. Plaintiff is currently serving a federal sentence after being convicted, in the United States District Court for the Eastern District of Missouri, of conspiracy to commit social security fraud, misuse of a social security number, aiding and abetting the misuse of a social security number, and aggravated identity theft. *See United States v. Hines*, 472 F.3d 1038, 1039 (8th Cir. 2007).

At the present time, Plaintiff is also charged with possessing contraband by an inmate; possession with intent to distribute marijuana; and conspiracy to distribute marijuana and heroin for acts that allegedly occurred while Plaintiff was confined at the United States Penitentiary in Marion, Illinois (USP-Marion). *See United States v. Hines*, No. 3:08-cr-30040-MJR (S.D. Ill.). In his pending criminal case, Plaintiff has elected to proceed without benefit of counsel - although this Court has appointed Plaintiff stand-by counsel. *Id*. On May 2, 2008, based on Plaintiff's actions and statements in his pending criminal case, the undersigned found reasonable cause to believe that Plaintiff suffered from a mental disease or defect which rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id.* (Order Continuing Trial & Ordering Psychiatric Evaluation, dated May 2, 2008). Accordingly, pursuant to 18 U.S.C. § 4241, this Court ordered that a psychiatric and/or psychological evaluation of Plaintiff be conducted. *Id*. As of the date of this Order, the mental evaluation appears to have been completed, but this Court has yet to hold a hearing concerning Plaintiff's mental fitness as it relates to his criminal case.

The instant *pro se* complaint was filed on November 17, 2008, after this Court found

reasonable cause to believe that Plaintiff suffered from a mental disease or defect.. It is against this background that the Court now turns to the allegations of the complaint.

**THE COMPLAINT**

Plaintiff's complaint apparently concerns events that occurred at USP-Marion. In his brief complaint, Plaintiff alleges: (1) that he was denied access to a telephone for 51 days; (2) that the the Defendants confiscated all of his legal materials - including legal mail - concerning his conviction and various civil actions; and (3) he was transferred without being given proper notice.

.**DISCUSSION**

**A. Claims concerning telephone access.**

The Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 115 S.Ct. 2293 (1995), and regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *Pope v. Hightower,* 101 F.3d 1382, 1384-85 (11th Cir. 1996); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994); *Benzel v. Grammar,* 869 F.2d 1105, 1108 (8th Cir. 1989); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir. 1988); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982) (inmates have no right to unlimited telephone use). Moreover, Plaintiff does not allege that he was barred from communicating with persons outside prison by means of written correspondence. Although these other methods may not be as efficient a means of communication, the Constitution does not require that prison officials choose the least restrictive alternative. *Thornburgh,* 490 U.S. at 411; *see also Arsberry,* 244 F.3d at 564-65 (high price of prison telephone calls that arguably curtail visiting by families who live far from prisons does not violate Fourteenth Amendment due process rights).

**B. Claims concerning legal materials.**.

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court in a civil rights action pursuant to 42 U.S.C. § 1983. To state an "access to the courts" claim, however, an inmate must allege that he suffered actual prejudice to a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996) (holding that allegation of actual prejudice is required to state an access to the courts claim). Nothing in the complaint indicates that Plaintiff suffered actual prejudice to a non-frivolous legal as a result of being deprived of his legal materials. Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted.

**C. Claims concerning transfer**.

The Supreme Court has held that a criminal conviction sufficiently extinguishes a convicted defendant's liberty interest so as to empower the government to confine the convicted person in any of its prisons. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Consequently, Plaintiff has no constitutionally protected liberty interest in remaining at, or being transferred to, a particular prison. *Id*.; *Ramirez v. Turner*, 991 F.2d 351, 353 (7th Cir. 1993).

Furthermore, an inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In the case currently before the Court, nothing indicates that the places to which Plaintiff was transferred imposed "atypical and significant hardship" on Plaintiff. Therefore, Plaintiff's claim that he was transferred without a hearing is without merit because he was not entitled to a hearing under the Due Process Clause.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and any pending motions are **DENIED** as moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 17th day of February, 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**